23128

In the Matter of Charles E. HENDERSON, Jr.,
Magistrate for Greenwood County, Respondent.
(387 S. E. (2d) 264)

Supreme Court

*Atty Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Marvin R. Watson,* Greenwood, *for respondent.*

Heard Nov. 13, 1989.

Decided Jan. 2, 1990.

*Per Curiam:*

This is a judicial disciplinary matter before this Court as a result of findings by the Board of Commissioners on Judicial Standards (Commission) and consent of the respondent.

The respondent, Charles E. Henderson, Jr., was a judge within the meaning of § 2(b) of the Rule on Judicial Discipline and Standards, Rule 34 of the Supreme Court of South Carolina, *viz.,* a magistrate in and for the County of Greenwood, South Carolina, at the time of the infractions complained of.

Respondent was charged with committing several acts of misconduct as defined in § 1 of the Rule on Judicial Discipline and Standards and was scheduled to appear before the Commission's Hearing Panel (Panel). Prior to the hearing, the respondent advised the Panel of his desire to enter into a Waiver and Consent to a public reprimand and an agreement not to seek or accept judicial office in the future. The full Commission accepted the proposal with a finding of misconduct on the part of the respondent. This Court accepts the recommendations of the Board of Commissioners on Judicial Standards and impose a public reprimand.

The respondent agreed to the following findings of fact concerning a pick-up truck:

(1) That respondent purchased a 1987 pick-up truck (truck) in the State of South Carolina (State) on or about October 21, 1986, using as a trade-in a vehicle belonging to Ms. Marian L. Harris;

(2) That as a result of said purchase, respondent filed a sworn affidavit with the South Carolina Department of Highways and Public Transportation (Highway Department) that he was a non-resident of South Carolina, that his state of residence and address were in New

Orleans, Louisiana, that the truck would be immediately transported to Louisiana to be registered and operated therein and not be frequently used in South Carolina;

(3) That in fact respondent obtained, procured or used a dealer license tag for the truck, operated the truck in the State, and failed to register it in this State until at least May 23, 1988; that as a result

(a) no registration fee was paid to nor title obtained from the State Highway Department until May 1988;

(b) no sales tax was paid to the State until May, 1988; and

(c) no personal property tax for the truck was paid to Greenwood County for 1986 and 1987.

Additionally, respondent admits that he did not file required reports of gifts and compensation for quasi-judicial and extra-judicial activities with the Office of the Court Administration.

This Court finds that respondent's conduct violated Canons 1, 2(A), 5(C), and 6(C) of the Code of Judicial Conduct. Specifically, respondent has committed acts of misconduct including but not limited to (1) failure to uphold the integrity and independence of the judiciary; (2) noncompliance with the law and failing to conduct himself in a manner that promotes public confidence in the integrity and impartiality of the judiciary; (3) failure to observe high standards of conduct so that the integrity and independence of the judiciary may be preserved; and (4) failure to refrain from financial and business dealings which tend to reflect adversely upon his impartiality or exploit his judicial position.

Under the circumstances of this case, we adopt the sanction agreed upon by the respondent and the Board of Commissioners on Judicial Standards.

Therefore, the respondent stands publicly reprimanded for judicial misconduct while in office.

Public reprimand.